IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID M. KRUCHTEN,

                              Petitioner,                    OPINION and ORDER

          v.
                                                             22-cv-610-jdp
UNITED STATES OF AMERICA,                                    20-cr-10-jdp

                              Respondent.

---

David M. Kruchten pleaded guilty to attempted production of obscene visual depictions of sexually explicit conduct of minors, in violation of 18 U.S.C. § 1466A(a), and transportation of minors with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). Now appearing pro se, Kruchten has filed a motion for postconviction relief under 28 U.S.C. § 2255, Dkt. 119, a motion for sentence reduction under the First Step Act, Dkt. 118, and a motion for my recusal from considering these motions, Dkt. 116.[1]

I'll begin with Kruchten's motion for my recusal. Under 28 U.S.C. § 455(a), I must recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." Kruchten argues that I should recuse myself from deciding the pending motions in his criminal case because I have also been assigned to a civil case about the events that gave rise to his criminal charges, *McGlenn v. Madison Metropolitan School District*, No. 21-cv-683-jdp, in which he is a defendant. Kruchten argues that "there could be a conflict of interest if [I] have access to information and facts that were not part of [his] criminal trial." Dkt. 116. Under § 455(b)(1), I must recuse myself if I have "personal knowledge of disputed evidentiary facts

---

[1] All references to the docket are to Kruchten's criminal case, No. 20-cr-10-jdp, unless otherwise noted.

concerning the proceeding." But I don't have "personal knowledge" of any facts regarding the Kruchten matter; I know only the facts that are of record in the two cases.

I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). Kruchten doesn't explain what evidence might arise in the civil case that I haven't already seen, and so far there isn't any: that case is still in its early stages. But even if I had learned additional facts related to Kruchten's conduct, I don't see how that would require my recusal from deciding further motions in Kruchten's criminal case. There surely isn't any reason for me to refrain from ruling on Kruchten's pending criminal-case motions now. I will deny his motion for recusal.

## A.  Section 2255 motion

Turning to Kruchten's § 2255 motion, he contends that his sentence violated the Fifth Amendment's Double Jeopardy Clause because the transportation-of-minors offense under § 2423(b) is a lesser-included offense of the obscene-visual-depiction offense under § 1466A. Double jeopardy is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other. *Rutledge v. United States*, 517 U.S. 292, 297 (1996).

The government points out that Kruchten did not raise this claim on direct appeal, which ordinarily means that he has procedurally defaulted the claim. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."). A petitioner can overcome default by showing (1) both cause and prejudice for the default, or (2) a "fundamental miscarriage of justice." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). I need not

determine whether Kruchten can overcome his procedural default, because his double jeopardy claim is meritless.

Whether one crime is a lesser included of another is governed by the principles in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The question is whether each of the offenses requires proof of an element that the other does not. "Where proof of one offense necessarily entails proof that another offense occurred, rendering the latter a lesser included offense of the former, the two offenses are deemed to be the 'same' for purposes of *Blockburger*." *United States v. Hatchett*, 245 F.3d 625, 632 (7th Cir. 2001). Kruchten argues that the crime defined by § 2423(b) is a lesser-included offense of the crime in § 1466A because both crimes would have required the government to prove that (1) interstate travel occurred (2) in an attempt to produce child pornography. The parties agree that § 1466A contains an additional element that the visual depiction produced is obscene. So here the question is whether proof of § 1466A would also require proof of all the elements of § 2423(b).

Kruchten misconstrues the elements of his convictions. Kruchten says that both crimes require interstate travel, but that is incorrect. Section 2423(b) indeed requires proof of "a person who travels in interstate commerce . . . with a motivating purpose of engaging in any illicit sexual conduct with another person." But § 1466A does not. Section 1466A(d) lists various circumstances that support federal criminal jurisdiction—such as some connection to interstate or foreign travel or commission of the offense on federal land. At least one of these circumstances must be proved to support federal jurisdiction. But interstate travel is not required to secure a conviction under § 1466A. For instance, in this case, the federal jurisdiction requirement was satisfied by Kruchten's use of hidden recording devices that had previously been transported in interstate and foreign commerce. *See* Dkt. 64 (superseding information)

3

and § 1466A(d)(4). Because each of Kuchten's two counts required proof of at least one element that the other did not, Kruchten's double jeopardy challenge under § 2255 fails. I will deny his motion.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because reasonable jurists would not debate the outcome here, I will not issue Kruchten a certificate of appealability.

**B.  First Step Act**

Kruchten also moves for a sentence reduction or modification under the First Step Act's compassionate-release provision. *See* 18 U.S.C. § 3582(c). Kruchten contends that he lost the ability to earn about a year's worth of First Step Act credits because COVID restrictions delayed his proceedings and kept him in county jail where he couldn't earn those credits. He also contends that he has faced harsher prison conditions and received fewer programming opportunities because of the pandemic. So he asks that his sentence be shortened by 11 1/2 months to reflect the FSA credits that he might have earned in the 23 months he spent in pretrial confinement.

The parties agree that Kruchten has exhausted this request with the BOP. A motion for compassionate release then requires a two-step showing. First, the defendant has the burden to

show that "extraordinary and compelling reasons" warrant a reduction in his sentence. Second, the defendant must show that his compassionate release would be consistent with the purposes of sentencing set out in § 3553(a).

Kruchten does not show an extraordinary and compelling reason to reduce his sentence. Kruchten's pretrial confinement in county jail was known to all the parties and this court before sentencing, so there isn't any reason to modify his sentence to account for any potential lost credits now. Insofar as Kruchten's FSA credits could reduce the length of his incarceration, the reduction is limited to 12 months, 18 U.S.C. § 3624(g)(3), so Kruchten can earn the maximum effective FSA credit even without counting his time in pretrial confinement. Although the COVID-19 pandemic has undoubtedly adversely affected Kruchten's conditions of confinement and the availability of programming, these burdens are shared by virtually all prisoners across the country. He hasn't provided a persuasive reason to single himself out for a sentence reduction based on the conditions of his confinement. Although I don't need to address the § 3553(a) factors to deny this motion, the seriousness of his offenses and the lasting harm he inflicted on multiple minors support the original sentence; any reduction would depreciate the seriousness of the offense.

## ORDER

IT IS ORDERED that:

1. Petitioner David M. Kruchten's motion for recusal, Dkt. 166, is DENIED.

2. Petitioner's motion under 28 U.S.C. § 2255, Dkt. 119, is DENIED.

3. Petitioner is DENIED a certificate of appealability regarding his § 2255 motion. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

4. Petitioner's motion for sentence modification under 18 U.S.C. § 3582(c), Dkt. 118, is DENIED.

5. The clerk of court is directed to enter judgment accordingly in case No. 22-cv-610-jdp.

Entered June 8, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6